UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTEN and BRYAN KRAMER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF OREGON, an Oregon Corporation,<br><br>Defendant. | CASE NO. 19-5365 RJB - MAT<br><br>ORDER ON MOTION FOR RECONSIDERATON |

This matter comes before the Court on Defendant Safeco Insurance Company of Oregon's ("Safeco") Motion for Reconsideration of the Order granting, in part, Plaintiffs Kirsten and Bryan Kramer's motion for partial summary judgment and denying Safeco's cross motion for partial summary judgment (Dkt. 25). Dkt. 26, re-filed as Dkt. 27, referred to here as Dkt. 27. The Court has considered the pleadings filed regarding the motion and the file herein. Oral argument has been requested but is not necessary to decide this motion and should be denied.

This case arises from a dispute about uninsured/underinsured motorist ("UIM") coverage. Dkt. 1. In the pending motion, Safeco moves for reconsideration of the December 18, 2019

ORDER ON MOTION FOR RECONSIDERATON - 1

Order granting the Plaintiffs' motion for summary judgment on their claims for bad faith and violation of the Washington Consumer Protection Act, RCW 19.86 *et. seq*., ("CPA") based on Safeco's handling of its rights pursuant to *Hamilton v. Farmers Ins. Co. of Washington,* 107 Wash.2d 721 (Wash. 1987) and denying Safeco's cross motion. Dkt. 27. For the reasons provided below, Safeco's motion (Dkt. 27) should be denied.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are in the December 18, 2019 Order (Dkt. 25, at 1-6) and are adopted here, by reference.

## II. DISCUSSION

### A. MOTION FOR RECONSIDERATION STANDARD

Local Rule W.D. Wash 7(h) provides that, "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

### B. SAFECO'S MOTION

Safeco's motion for reconsideration (Dkt. 26) should be denied. It has failed to point to a manifest error in the December 18, 2019 Order (Dkt. 25). Safeco fails to make a "showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

While in its motion for reconsideration, Safeco discusses its offer to intervene in the Kitsap County lawsuit, the record demonstrates that it did not, in fact, offer to intervene consistent with *Hamilton*. The record indicates that on September 14, 2018, Safeco wrote the

Plaintiffs and their counsel after being informed that the only asset from the car accident was the $50,000 policy limits. Dkt. 17-6. That letter provided that:

> In response to your July 12, 2018 letter, we elect to exercise our buyout rights as expressed in *Hamilton v. Farmers*, 107 Wn.2d 721 (1987), and advance the $50,000.00 policy limit offer extended by Progressive for the September 6, 2016 accident. In doing so, Ms. Kramer does not need nor should she sign any release or dismissal of the lawsuit in favor of Meagan Johnston [the employee-driver] or Poulsbo Cleaning Services, LLC . . . Instead, Ms. Kramer should continue with her lawsuit against Ms. Johnston and Poulsbo Cleaning as set forth in the case entitled Kirsten and Bryan Kramer v. Poulsbo Cleaning Services, LLC aka Viking Janitorial and Meagan L. Johnston, filed in the Kitsap County Superior Court, Case No. 18-2-01587-18.

Dkt. 17-6, at 3. Safeco offered to pay a pro-rata share of the costs (excluding attorneys' fees) to continue with the case but, informed the Plaintiffs that it did not intend to intervene in the Kitsap County case. *Id*.

It was not until after letters from Plaintiffs' counsel and phone conferences that on October 15, 2018, Safeco wrote the Plaintiffs and informed them that it was not going to exercise its rights under *Hamilton* to buyout the claim against Progressive. Dkt. 17-10, at 2. It agreed that a settlement with Progressive, including an executed release of all claims, would not prejudice Ms. Kramer's right to purse an UIM claim under the policy. Dkt. 17-10, at 2. Safeco indicated that it would still seek applicable offsets. *Id.*

The next day, on October 16, 2018, Safeco emailed Plaintiffs' counsel, reiterated that they were not exercising Safeco's rights under *Hamilton* and but then stated, "[r]ather than substituting payment, we agree to intervene in the underlying lawsuit to litigate the value of your client's UIM claim if you feel there is UIM value after your client accepts the $50,000 policy limits from Progressive." Dkt. 17-11. Plaintiff's counsel states that he contacted Safeco at that point and "explained that Safeco's intent to intervene [in the lawsuit against Poulsbo Cleaning Company] makes no sense because Poulsbo Cleaning Company will not settle with the Kramers

ORDER ON MOTION FOR RECONSIDERATON - 3

absent a full release of claims." Dkt. 17, at 3. Finally, over three months after the Plaintiffs informed Safeco of the offer of $50,000 and the background situation, the Plaintiffs were able to accept the offer from Progressive. Dkt. 10-20.

Safeco points to *Fisher v. Allstate Ins. Co.,* 136 Wn.2d 240, 248 (1998), and asserts that the December 18, 2019 Order (Dkt. 25) is contrary to this binding Washington precedent. In *Fisher,* the Washington Supreme Court held that where an underinsurance company has notice and an opportunity to intervene in a case between its insured and a tortfeasor, even if it does not intervene, it is bound by the results of an arbitration proceeding against the tortfeasor. Safeco points to the unremarkable proposition from the *Fisher* case, stating that public policy favors joining an underinsurance carrier and a tortfeasor in a single case. Contrary to Safeco's assertions, neither the *Fisher* case nor any other Washington case endorses Safeco's course of action here. The motion for reconsideration (Dkt. 27) should be denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Safeco Insurance Company of Oregon's Motion for Reconsideration (Dkt. 26, re-filed as 27) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of January, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge